# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **BRANDON LAPLANTE,** *Plaintiff,* v. **EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,** *and* **VERIZON WIRELESS SERVICES, LLC,** *Defendants*. | Case Number: 8:24-cv-627 **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Brandon LaPlante** ("**Mr. LaPlante**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Experian Information Solutions**, **Inc**. ("**Experian**"), **Trans Union LLC** ("**Trans Union**"), and **Verizon Wireless Services**, **LLC** ("**Verizon Wireless**") (collectively, the "**Defendants**"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. LaPlante against all Defendants for violations of the ***Fair Credit Reporting Act***, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction for Plaintiff's claims arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida, Tampa Division, because the acts complained of were committed and / or caused by the Defendants in Hernando County, Florida, which is in this District and Division.

## PARTIES

### Mr. LaPlante

5. **Mr. LaPlante** is a natural person residing in the city of Spring Hill, Hernando County, Florida.

6. Mr. LaPlante is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Experian

7. **Experian** is an Ohio corporation, with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

### Trans Union

9. **Trans Union** is a Delaware limited liability company, with a principal business address of 555 West Adams St., Chicago, IL 60661.

10. Trans Union is registered to conduct business in the State of Florida, where its registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

11. Trans Union and Experian are nationwide *Consumer Reporting Agencies* ("CRAs") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

### Verizon Wireless

12. **Verizon Wireless** is a Delaware limited liability company with a principal business address of One Verizon Way, Basking Ridge, NJ 07920.

13. Verizon Wireless' Florida registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

### The Debt

14. In or around June 2011, Mr. LaPlante obtained an account with Verizon Wireless, for cellular phone services for personal use (the "Account").

15. Sometime after June 2011, Verizon Wireless alleged a past due balance on the Account in the amount of $1,518.15.

16. On September 1, 2022, Verizon Wireless sent Mr. LaPlante a collection letter claiming $1,518.15 due. **SEE PLAINTIFF'S EXHIBIT A.**

17. In November 2022, Verizon Wireless started reporting the Account to Experian and Trans Union, now claiming that Mr. LaPlante owed $3,036. **SEE PLAINTIFF'S EXHIBITS B & C.**

18. Mr. LaPlante disputes owing this alleged debt.

### Mr. LaPlante's Disputes of The Alleged Debt

19. On or around July 27, 2023 Mr. LaPlante requested and received his consumer disclosure from Experian.

20. In March 2023, Mr. LaPlante noticed the Verizon tradeline and disputed the Account to Experian, indicating the balance was double the amount listed on the bill he received directly from Verizon Wireless.

21. Experian's dispute resolution systems are almost completely automated.

22.     Experian's automated systems initiated an *Automated Consumer Dispute Verification* Request ("**ACDV**") which was delivered to Verizon Wireless through a system known as e-OSCAR, and asked Verizon Wireless to make a reasonable investigation into the dispute.

23.     When responding to an ACDV through e-OSCAR, the respondent must attest that:

> "(b)y submitting this ACDV, you certify that you have verified the accuracy of the data in compliance with all legal requirements, and your computer and/or manual records will be adjusted to reflect the changes noted."

24.     Verizon Wireless responded to the ACDV that the reporting of the Alleged Debt was accurate and required no modification, including the verification of the amount of the Alleged Debt.

25.     Verizon Wireless did not call, or otherwise contact Mr. LaPlante in furtherance of its investigation.

26.     Verizon Wireless failed to make a reasonable investigation into Mr. LaPlante's dispute. Any reasonable investigation would have determined that the balance being reported was erroneous, as Verizon has in its possession a copy of the bill that it sent to Mr. LaPlante in September 2022, as shown in Exhibit A.

27.     Mr. LaPlante also disputed the reported balance on the Account to Trans Union, indicating that Verizon Wireless was reporting an incorrect balance due.

28. Trans Union sent Verizon Wireless an ACDV and asked it to make a reasonable investigation into Mr. LaPlante's dispute.

29. Verizon Wireless also responded to Trans Union's ACDV, indicating its reporting of the Account was accurate and required no modification or updates.

30. Verizon Wireless did not call or otherwise contact Mr. Laplante in furtherance of its investigation.

31. On information and belief, Verizon Wireless simply compares data in its own internal systems to data provided on the ACDV and concludes its "investigations." Such policies are inherently unreasonable and virtually assure erroneous information which stems from incompetence or error.

32. Verizon Wireless continues to make monthly reports to the CRA's realleging the same erroneous data – that the balance on the Account is double what its own letter claimed as owed.

**Experian and Trans Union Maintain Unreasonable Procedures**

33. Experian failed to make a reasonable investigation into Mr. LaPlante's dispute.

34. Tran Union, likewise, failed to make a reasonable investigation into Mr. LaPlante's dispute.

35. Upon receipt of the ACDV responses, both Experian and Trans Union utilized an automated system which made rudimentary checks of tradeline data

between what Verizon Wireless had reported and the data contained in their own files on Mr. LaPlante, *e.g.*, his name, address, date of birth, and Social Security Number.

36. For at least the last 35 years, courts in this district have recognized that a CRA cannot rely solely upon its data furnisher when the consumer disputes the accuracy of the furnisher's version of events. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985) ("Merely reporting whatever information the creditor furnished was not reasonable, especially where the defendant knew of the impending dispute between the [consumer] and [data furnisher].")

37. Experian and Trans Union did not contact Verizon Wireless directly regarding Mr. LaPlante's disputes.

38. Experian and Trans Union did not contact Mr. LaPlante in furtherance of their investigations.

39. Experian and Trans Union thus failed to conduct a reasonable investigation into Mr. LaPlante's disputes, as a reasonable investigation should have resulted in removing the Verizon Wireless tradeline, or at the very minimum, correcting the reported balance.

40. Both Trans Union and Experian have sold numerous credit reports to Mr. LaPlante's creditors, or potential creditors, which contain the false and defamatory Verizon Wireless tradeline, after notice of Mr. LaPlante's dispute.

41. Indeed, on or about April 4, 2023, Mr. LaPlante applied for a mortgage with QC Lending, LLC ("QC Lending").

42. QC Lending, to review Mr. LaPlante's application, obtained a consumer report from Advantage Credit, Inc. ("Advantage Credit").

43. Upon receipt of QC Lending's request, Advantage Credit obtained consumer reports from each of Experian, Trans Union and Equifax and merged the information into a single composite report on Mr. LaPlante, which it then provided to QC Lending.

44. The consumer reports provided by Trans Union and Experian to Advantage Credit, for use by QC Lending, included the Verizon Wireless tradeline with the falsely inflated balance.

45. Due in part to the inclusion of the Verizon Wireless tradeline and its inflated balance, Mr. LaPlante could not proceed with his application for a home loan.

46. Mr. LaPlante has also suffered significant emotional distress, embarrassment, and frustration as a result of the Defendants' cavalier actions and failures.

47. Mr. LaPlante has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VERIZON WIRELESS' WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681s-2(b)

48. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

49. Verizon Wireless violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation after receiving notice of dispute from a CRA, Experian and Trans Union, since it verified a balance of double what it alleged owed from Mr. LaPlante.

50. Each dispute constitutes a separate request for reinvestigation.

51. Verizon Wireless has been sued in the past for failing to investigate disputes and is thus aware that its process for doing so are unreasonable.

52. Verizon Wireless' conduct was thus willful, and Mr. LaPlante is entitled to the greater of his actual damages and statutory damages of $1000 per violation, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. LaPlante respectfully requests this Honorable Court to enter judgment in his favor and against Verizon Wireless as follows:

a. The greater of Mr. LaPlante's actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

  d. Such other relief that this Court deems just and proper.

## COUNT II
## VERIZON WIRELESS' NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)

53. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

54. Verizon Wireless violated **15 U.S.C. § 1681s-2(b)** by failing to make a reasonable reinvestigation after receiving notice of dispute from a CRA, Experian and Trans Union, since it verified a balance of double what it alleged owed from Mr. LaPlante.

55. Each dispute constitutes a separate request for reinvestigation.

56. Verizon Wireless owed Mr. LaPlante a legal duty to reasonably investigate his dispute upon receiving notice of the dispute from a CRA.

57. Verizon Wireless breached this duty when it failed to investigate Mr. LaPlante's disputes.

58. Verizon Wireless' conduct was thus negligent, and Mr. LaPlante is entitled to his actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. LaPlante respectfully requests this Honorable Court to enter judgment in his favor and against Verizon Wireless as follows:

    a.    Mr. LaPlante's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

    c.    Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

59. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

60. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation regarding the Verizon Wireless tradeline disputed by Mr. LaPlante. Experian blindly accepted information received from an automated ACDV response as accurate and made no further investigation on its own, despite knowing that Mr. LaPlante disputed the account.

61. Experian has been placed on notice through hundreds of lawsuits that its dispute investigation procedures are unreasonable.

62. Experian's conduct was thus willful and intentional or, alternately, was engaged in with reckless disregard for its consequences, rendering Experian liable pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. LaPlante respectfully requests that this Honorable Court enter judgment against Experian for:

    a.    The greater of statutory damages of $1,000 per incident or Mr. LaPlante's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

    d.    Such other relief that the Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

63. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

64. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation regarding the Verizon Wireless tradeline disputed by Mr. LaPlante. Experian blindly accepted information received from an automated ACDV response as accurate and made no further investigation on its own, despite knowing that Mr. LaPlante disputed the account.

65. Experian owed Mr. LaPlante a legal duty to reasonably investigate his dispute.

66. Experian breached this duty when it failed to investigate Mr. LaPlante's dispute of his Verizon Wireless account.

67. Experian's conduct was thus negligent, rendering Experian liable pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. LaPlante respectfully requests that this Honorable Court enter judgment against Experian for:

a. Mr. LaPlante's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that the Court deems just and proper.

## COUNT V
### TRANS UNION'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

68. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

69. Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation regarding the Verizon Wireless tradeline disputed by Mr. LaPlante. Trans Union blindly accepted information received from an automated ACDV response as accurate and made no further investigation on its own, despite knowing that Mr. LaPlante disputed the account.

70. Trans Union has been placed on notice through hundreds of lawsuits that its dispute investigation procedures are unreasonable.

71. Trans Union's conduct was thus willful and intentional or, alternately, was engaged in with reckless disregard for its consequences, rendering Trans Union liable pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. LaPlante respectfully requests that this Honorable Court enter judgment against Trans Union for:

    a.    The greater of statutory damages of $1,000 per incident or Mr. LaPlante's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

    d.    Such other relief that the Court deems just and proper.

### COUNT VI
### TRANS UNION'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

72. Mr. LaPlante adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

73. Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation regarding the Verizon Wireless tradeline disputed by Mr. LaPlante. Trans Union blindly accepted information received from an automated ACDV response as accurate and made no further investigation on its own, despite knowing that Mr. LaPlante disputed the account.

74. Trans Union owed Mr. LaPlante a legal duty to reasonably investigate his dispute.

75. Trans Union breached this duty when it failed to investigate Mr. LaPlante's dispute of his Verizon Wireless account.

76. Trans Union's conduct was thus negligent, rendering Trans Union liable pursuant to 15 U.S.C. § 1681n.

**WHEREFORE,** Mr. LaPlante respectfully requests that this Honorable Court enter judgment against Trans Union for:

a. Mr. LaPlante's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. LaPlante hereby demands a jury trial on all issues so triable.

Respectfully submitted on March 11, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Fethullah Gulen*
Fethullah Gulen, Esq. (lead counsel)
Florida Bar Number: 1045392
FGulen@seraphlegal.com
Bryan J. Geiger
Florida Bar Number: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 405)
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    Verizon Wireless' Letter to Mr. LaPlante, September 1, 2022 – Excerpt
B    Mr. LaPlante's Experian Consumer Disclosure, July 27, 2023, Verizon Wireless Tradeline – Excerpt
C    Mr. LaPlante's Trans Union Consumer Disclosure via Credit Karma, December 15, 2023, Verizon Wireless – Excerpt